994 So.2d 1152 (2008)
Jackson DENIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2043.
District Court of Appeal of Florida, Third District.
July 16, 2008.
Rehearing Denied August 28, 2008.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
The defendant, Jackson Denis, appeals his convictions and sentences for attempted first-degree murder with a firearm, armed burglary, and armed false imprisonment. We affirm.
The defendant and co-defendant, Olson Pierre, were charged with the attempted first-degree murder of Fedlet Oscar ("the victim") with a firearm; armed burglary; and the false imprisonment of the victim's mother, the victim's younger brother, and the victim's ex-girlfriend.[1]
In a deposition, the victim admitted that he was a drug dealer when the charged crimes were committed, but that he no longer deals in drugs. Prior to trial, the State moved to prevent the defense from referring to the victim as a drug dealer, arguing that the victim never had been convicted of a drug crime, this information was irrelevant, and the defense was attempting to introduce it merely as bad character evidence. Defense counsel objected, arguing that this cross-examination was relevant to establish the defense theory that an unknown third party committed these offenses. The trial court ruled that the defense could not refer to the victim as a drug dealer or question the victim as to his past as a drug dealer.
The trial testimony has been succinctly summarized in this Court's opinion from *1153 the co-defendant's direct appeal. Pierre v. State, 990 So.2d 565 (Fla. 3d DCA 2008).
After the State rested, the defendant moved for a judgment of acquittal, which the trial court denied. The defendant did not call any witnesses on his behalf, and following the testimony of the co-defendant's witnesses, the defendant renewed his motion for judgment of acquittal, which the trial court also denied.
The jury found the defendant (and co-defendant) guilty as charged. The defendant filed a motion for new trial, arguing that the trial court impermissibly limited his cross-examination of the victim by not permitting defense counsel to question the victim regarding his background as a drug dealer. The trial court denied the defendant's motion for new trial, and he was later sentenced. This appeal ensued.
The defendant, as did the co-defendant in his direct appeal, contends that the trial court reversibly erred by not permitting defense counsel to cross-examine the victim about his background as a drug dealer. We disagree.
Based on the analysis set forth in this Court's opinion in Pierre, we conclude that the trial court properly limited defense counsel's cross-examination of the victim regarding his background as a drug dealer because the evidence the defendant sought to introduce was an impermissible character attack; outside the scope of direct examination; and intended to inject a defense to the crimes through cross-examination and with no evidentiary support. Pierre, at 4-7. Moreover, contrary to the defendant's assertion, a review of the trial transcript indicates that the victim did not open the door to cross-examination regarding his background as a drug dealer during either his direct examination or cross-examination.
Lastly, the trial court properly denied the defendant's motion for judgment of acquittal as to all three counts where the State introduced sufficient, competent evidence to establish the defendant's guilt beyond a reasonable doubt. See § 775.087, Fla. Stat. (2004) (addressing use of firearm during commission of felony); § 777.011, Fla. Stat. (2004) ("Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense."); § 777.04(1), Fla. Stat. (2004) (defining criminal attempt); § 782.04(1)(a)1., Fla. Stat. (2004) (detailing elements of first degree premeditated murder); § 787.02(1)(a), Fla. Stat. (2004) (detailing elements of false imprisonment); § 810.02, Fla. Stat. (2004) (detailing elements of burglary).
In conclusion, as the contentions raised by the defendant fail to demonstrate reversible error, we affirm the defendant's convictions and sentences.
Affirmed.
NOTES
[1] The defendant and co-defendant were also charged as principals of the crimes under section 777.011, Florida Statutes (2004).